Monty L. Barnett, #6-2694
Lena K. Moeller, #6-3893
White and Steele, P.C.
950 17th Street, #2100
Denver, CO  80202-2804
303. 296.2828
Wyoming Office:
2120 Carey Avenue, #300
Cheyenne, WY  82001
307.778.4160
ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JERAMIE JOHN E. LARGE, <br> and all other confined inmates <br><br> Plaintiff(s), <br><br> v. <br><br> GEORGE H. ALBRECHT, DNP, <br> ADMINISTRATION AND STAFF <br> MEDICAL STAFF and PERSONNEL <br><br> Defendants | Case No.  09-CV-291-D |

**DEFENDANT GEORGE H. ALBRECHT, DNP'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

COMES NOW Defendant George H. Albrecht, DNP (hereafter "Albrecht") by and through his counsel, Lena K. Moeller of White & Steele, P.C., and files the following brief in support of defendant George H. Albrecht, DNP's *Motion to Dismiss*:

## I.     BACKGROUND

Park County Detention Center ("PCD") inmate Jeramie John E. Large, appearing *pro se*, filed his Complaint on December 24, 2009, against various Park County Detention Center personnel and Dr. Albrecht for "denying medical attention." *Complaint*, p. 5, claim 2.

## II.  UNDISPUTED FACTS

1. Plaintiff, Jeramie J.E. Large, is and was a prisoner of the Park County Detention Center and is in the custody of the same. He is currently confined to the PCDC located in Cody, Wyoming for two felony counts of burglary and felony, larceny, along with misdemeanor counts of interference with a police officer, failure to report an accident to the affective property owner, and failure to report an accident greater than $1,000 to police.

2. Albrecht, DNP, provides medical care to the inmates at PCDC pursuant to a contract with the PCDC.

3. Albrecht, DNP, is a contract medical provider with PCDC.

4. Albrecht provided medical care to the plaintiff.

5. Albrecht examined and treated the plaintiff for the duration of both plaintiff's incarcerations on June 29, 2009 – September 21, 2009, and September 30, 2009 to present.

## III. STANDARD OF REVIEW

When considering whether to dismiss a Complaint under Federal Rules of Civil Procedure 12(b)(6) for failure to state claim upon which relief may be granted, "we accept as true all well pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the non-moving party." *Mayher v. Durango Metals Inc., 144 F. 3d*

*1302, 1304 (10th Cir. 1998).* "The issue in reviewing the sufficiency of a Complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Ruiz v. McDonnell, 299 F. 3d 1173, 1181 (10th Cir. 2002).*

## IV. ARGUMENT

**A.  Plaintiff has failed to comply with W. § 9-2-1807 and the claim shall be dismissed against Albrecht.**

Plaintiff has failed to comply with W. § 9-2-1807 that states that a "claimant shall submit a case for the consideration of the (Medical Review) panel prior to filing a complaint in any court in this state by addressing a claim, in writing, signed by the claimant or his attorney, to the director of the panel." Failing that, Albrecht is entitled to dismissal.

There is no dispute that Albrecht is a healthcare provider at the PCDC. Therefore plaintiff is required to exhaust the statutory requirement prior to filing a lawsuit.

**A.  Plaintiff fails to state a claim upon which relief can granted. Rule 12(b)(6) and 12(c), Federal Rules of Civil Procedure.**

Plaintiff has failed to plead any claims against, or which pertain to, George Albrecht, DNP, with sufficient specificity as to place Albrecht on notice of wrongs he allegedly committed, how Albrecht caused injury, or what injury was caused. See *Complaint*. Failing that, Albrecht is entitled to dismissal.

Albrecht is a local nurse practitioner that received his doctorate in 2007. He has a contract through the PCDC in which he provides medical care and treatment to inmates. Plaintiff's claims surround an abscessed tooth. Albrecht did not participate in the direct patient care of plaintiff's tooth. Instead, Albrecht coordinated plaintiff's dental with a local dentist. Albrecht

3

examined plaintiff one time and referred the plaintiff to a local dentist for treatment. Plaintiff does not allege nor establish that Albrecht knew, or should have known, that plaintiff had an unmet "serious medical need" which Albrecht then ignored. See *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff does not establish that Albrecht had a legal duty to do something that he failed to do. Plaintiff does not identify what injury or damages, if any, he sustained as a result of something that Albrecht did or did not do that constituted a legal breach. See *Complaint.* Indeed, other than identifying Albrecht as a healthcare provider, providing care to inmates, plaintiff never mentions any wrong doing by Albrecht in the Complaint.

Plaintiff has failed to state a claim against defendant Albrecht upon which relief can be granted. Plaintiff failed to adequately specify an alleged wrong, an alleged breach, an alleged injury and an alleged causation. Rule 12(b)(6) and 12(c), Federal Rules of Civil Procedure. Plaintiff's Complaint is inherently legally insufficient and Albrecht must be dismissed.

    **B.**    **Plaintiff's claims pursuant to 42 USC § 1983 must be dismissed against defendant Albrecht.**

Although it is not specifically pled, it seems from plaintiff's claim that he is claiming a violation of 42 USC § 1983. The Eighth Amendment prohibition against cruel and unusual punishment is violated when prison officials "act deliberately and indifferently to serious medical needs of prisoners in their custody." *Sparks v. Ritten House 164 Fed. Appx. 712, 718 (10th Cir. 2006) quoting Paul v. Bellmon 935 F.2d 1106, 1224 (10th Cir. 1991)*. Such a claim has both an objective and a subjective component. *Id*. To satisfy the objective component, a prisoner's medical need must be sufficiently serious, a standard that we have held is met when

either a doctor has diagnosed the need as requiring treatment or the need is so obvious that even a lay person would recognize the need for a doctor's attention.  *Id*.  To satisfy the subjective component, i.e., to show the requisite, deliberate indifference, a prisoner must establish that the defendant "knew the prisoner faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it."  *Id.*  Causation is also a necessary element of a §1983 claim of deliberate indifference.  *Sparks supra at 718, quoting Daniels v. Gilbreath, 668 F.2d 477, 488-89 (10th Cir. 1982).*

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to Eighth Amendment scrutiny.  *Helling v. McKinney, 509 U.S. 25 (1993).*   The Eighth Amendment provides limited protections against inadequate inmate medical care. *Estelle v. Gamble, 429 U.S. 97 (1976): see also Riddle v. Mondragon, 89 F.3d 1197 (10th Cir. 1996).* Estelle's Eighth Amendment "deliberate indifference" standard is made up of (1) an objective component requiring that the pain or deprivation be sufficiently serious; and (2) a subjective component requiring that the offending officials acted with a sufficiently culpable state of mind.  *Estelle v. Gamble, 429 U.S. 97 (1976).*

Because only "unnecessary and wanton infliction of pain" implicates the Eighth Amendment, a prisoner must make a *prima facie* showing under a very high standard: health care providers must treat his "serious medical needs" with "deliberate indifference," that is, inaction equivalent to intentional or criminally reckless misconduct.  *Estelle at 104-106.*  Estelle established that the exercise of professional judgment in differing medical decisions are insufficient evidence to support a claim of "deliberate indifference".  *Estelle at 107*. ("The

5

question of whether an x-ray or additional diagnostic techniques or forms of treatment as indicated is a classic example of a matter for medical judgment.  A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment") "Because society does not expect the prisoners will have unqualified access to healthcare, deliberate indifference to medical needs amount to an Eighth Amendment violation only if those needs are "serious"" *Riddle, 83 F.3d at 1202.* "Serious" medical needs are those diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  *Riddle, 83 F.3d at 1202.*

"Deliberate indifference" exceeds the type of fault found in negligence or gross negligence.  The plaintiff must show the prison officials "had knowledge of the facts from which inference could be drawn that a substantial risk of serious harm existed, and that the official drew that inference," yet failed to intervene.  *See, Farmer v. Brennan, 511 U.S. 825, 834 (1994); Olson v. Stott, 9 F.3d 1475 (10th Cir. 1993).*

The primary issue before the Court is whether treatment was delayed or denied in a manner that rises to the level of "deliberate indifference to a serious medical need". *Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1995), citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981).*  While a prisoner has the right to receive medical care, he does not have the right to choose the type of scope of medical care he personally desires. *Ramos v. Lamm, 636 F.2d 559 (10th Cir. 1980).*  A difference of opinion over medical treatment or an inadvertent failure to provide adequate medical care is insufficient to constitute an Eighth Amendment claim of deliberate indifference.  *Handy v. Price, 996 F.2d 1064 (10th Cir. 1993).*

Turning to the instant case, Albrecht was a health care provider whose job included examining patients and making medical treatment judgments and recommendations for the patient. Albrecht did just that when he examined plaintiff and referred him to a local dentist. Plaintiff has failed to show that Albrecht failed to recognize the plaintiff's medical needs with deliberate indifference. Additionally, plaintiff has failed to show that Albrecht failed to take reasonable measures to address those medical needs. Albrecht did not make the decision nor did he participate in any decisions to withhold medical care.

Plaintiff has failed to establish, by admissible evidence, a *prima facie* case of "deliberate indifference to serious medical need" against defendant Albrecht necessary to sustain a constitutional or civil rights violation pursuant to 42 U.S.C. §1983. Without such, defendant Albrecht is entitled to dismissal pursuant to 12(b)(6) and 12(c), Federal Rules of Civil Procedure.

## VI. CONCLUSION

Albrecht is a local nurse practitioner who provided care to plaintiff and prescribed treatment. There is no evidence that Albrecht acted with "deliberate indifference" towards plaintiff. Plaintiff received necessary, appropriate examinations and consultations and treatments for the medical conditions presented to Albrecht. Plaintiff has failed to show that Albrecht's treatment caused substantial harm, if any. Lastly, plaintiff failed to allege the wrongs, if any, of Albrecht in his Complaint.

Defendant, Albrecht, respectfully requests that his Motion to Dismiss be granted.

Respectfully submitted this 9th day of February, 2010.

                                      WHITE AND STEELE, P.C.

                                      <u>s/ Lena K. Moeller, #6-3893</u>
                                      Lena K. Moeller, #6-3893
                                      Monty L. Barnett, #6-2694
                                      Dominion Tower, North Tower
                                      600 17th Street, Suite 600N
                                      Denver, CO 80202-5406
                                      303-296-2828

                                      Wyoming Office:
                                      2120 Carey Avenue, #300
                                      Cheyenne, WY 82001
                                      307-778-4160

                                      ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2010, a true and correct copy of the foregoing was served via electronically, facsimile and/or U.S. Mail, postage prepaid, addressed as follows:

Jeramie John E. Large, #98783
Park County Detention Center
1402 Riverview Drive
Cody, WY  82414
(*Via mail*)

John W. Renneisen
Deputy Attorney General
2424 Pioneer Ave., 2nd Floor
Cheyenne, WY  82002

Richard Rideout, Esq.
Law Offices of Richard Rideout, PC
211 West 19th Street, Ste. 100
P.O. Box 389
Cheyenne, WY  82003-0389

                                                          s/Lena K. Moeller, Esq.
                                                          For White and Steele