Richard Rideout, Esq.
Law Offices of Richard Rideout, PC
211 West 19th Street, Suite 100
P.O. Box 389
Cheyenne, Wyoming  82003-0389
307.632.1901
rsrideout@qwestonline.net


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JERAMIE JOHN E. LARGE, | ) | |
| | ) | |
|     PlaintiffS, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CV-291-D |
| | ) | |
| RICHARD ATWOOD, in his | ) | |
| official and individual | ) | |
| capacity, and HERK ALBRECHT, | ) | |
| in his official and | ) | |
| individual capacity, | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT RICHARD ATWOOD'S, IN HIS OFFICIAL CAPCITY, ANSWER AND ASSERTION OF AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, Richard Atwood, in his official capacity, ("Defendant" or "Atwood"), by and through his counsel, Richard Rideout, Esq., of the Law Offices of Richard Rideout, PC, Cheyenne, Wyoming, and for his Answer And Assertion Of Affirmative Defenses to the Complaint of Jeramie John E. Large ("Plaintiff" or "Large") states and alleges as follows.

As a preliminary matter, the undersigned counsel represents Richard Atwood in his official capacity as to the civil rights claims.

1.   The Defendant admits the allegations contained in paragraph 1(a) of the Plaintiff's Complaint.

2.   The Defendant admits the allegations contained in paragraph 2(a) of the Plaintiff's Complaint.

3.   Paragraph 2(b) of the Plaintiff's Complaint does not appear to implicate Defendant Atwood, in his official capacity, and therefore no response is needed; however, to the extent the paragraph applies to the Defendant, the Defendant denies each and every allegation contained therein.

4.   The Defendant admits that on June 27, 2009, the Plaintiff was confined in Park County Detention Center and that Plaintiff was not provided personal physical access to a law library as alleged in paragraph 3, Statement of Claims, Claim One and Claim Two.  However, while portions of Claim One and Two are illegible, the Defendant denies each and every other allegation contained therein.

5.   The Defendant admits to the allegations contained in paragraph 5(a) of the Plaintiff's Complaint.

2

6.    The Defendant is without sufficient knowledge, information, or belief as to the allegations contained in paragraph 5(b) of the Plaintiff's Complaint and therefore, denies each and every allegation contained therein.

7.    The Defendant is without sufficient knowledge, information, or belief as to the allegations contained in paragraph 5(c)(1) of the Plaintiff's Complaint and therefore, denies each and every allegation contained therein.

8.    The Defendant is without sufficient knowledge, information, or belief as to the allegations contained in paragraph 5(c)(2) of the Plaintiff's Complaint and therefore, denies each and every allegation contained therein.

9.    The Defendant denies the allegations contained in paragraph 5(c)(3) of the Plaintiff's Complaint.

10.   The Defendant denies the allegations contained in paragraph 5(c)(4) of the Plaintiff's Complaint.

11.   The Defendant admits to the allegations contained in paragraph 6(a) of the Plaintiff's Complaint.

12.   The Defendant is without sufficient knowledge, information, or belief as to the allegations contained in

paragraph 6(b) of the Plaintiff's Complaint and therefore, denies each and every allegation contained therein.

13.   The Defendant is without sufficient knowledge, information, or belief as to the allegations contained in paragraph 6(c)(1) of the Plaintiff's Complaint and therefore, denies each and every allegation contained therein.

14.   The Defendant is without sufficient knowledge, information, or belief as to the allegations contained in paragraph 6(c)(2) of the Plaintiff's Complaint and therefore, denies each and every allegation contained therein.

15.   The Defendant denies the allegations contained in paragraph 6(c)(3) of the Plaintiff's Complaint.

16.   The Defendant denies the allegations contained in paragraph 6(c)(4) of the Plaintiff's Complaint.

17.   The Defendant admits that the Plaintiff previously filed an action in this Court, *Large v. Park County Detention Center Administrator*, USDC Wyo. Case No. 09-CV-214-J, and that on October 13, 2009, this Court entered its Order Dismissing Habeas Petition but denies each and every other allegation contained in paragraph 6(a) of the Plaintiff's Complaint.

18.   The Defendant denies that the Plaintiff is entitled to the relief requested in paragraph 7 of the Plaintiff's Complaint.

19.   The Defendant denies each and every other allegation, however captioned or entitled, contained in the Plaintiff's Complaint that has not specifically been admitted.

## ASSERTION OF AFFIRMATIVE DEFENSES

20.   As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that the pleading fails to state a claim upon which relief can be granted.

21.   As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that he is entitled to qualified immunity as a matter of fact and law from the claims and causes of action asserted therein.

22.   As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that he is entitled to absolute immunity as a matter of fact and law from the claims and causes of action asserted therein.

23.   As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that the Plaintiff has failed

to mitigate any damage he may have incurred or suffered as the result of any action or conduct of the Defendant.

24.   As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that, to the extent any of the claims asserted are state law claims, the Plaintiff has failed to comply with the Wyoming Governmental Claims Act, Wyo. Stat. §§1-39-101, *et seq.*, to the extent that it applies to this action or to any of the claims or causes of action asserted therein, including, but not limited to the Plaintiff's failure to file a proper or timely notice of claim as a condition precedent to the filing of this action.

25.   As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that, to the extent any of the claims asserted are state law claims, the Plaintiff's claims or causes of action are barred as a matter of fact and law by the Wyoming Governmental Claims Act.

26.   As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that the Plaintiff is estopped by his conduct to assert any of the claims or causes of actions asserted therein.

27.  As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that the Plaintiff, by his conduct, has waived the right to assert any of the claims or causes of action asserted therein.

28.  As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that his conduct was not the proximate cause of any of the alleged injuries or damages suffered by the Plaintiff.

29.  As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that the Plaintiff has failed to exhaust his administrative remedies and thereby is barred by the Prison Litigation Reform Act from asserting any of his claims or causes of action.

30.  As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that the Plaintiff's claims are barred by the statute of limitations.

31.  As a further and separate defense to the Plaintiff's Complaint, the Defendant asserts that every action undertaken by the Defendant was taken in good faith, and based upon good cause, legitimate business reasons, and was consistent with and authorized by law, business necessity, and privileged.

32.   The Defendant reserves the right to amend these pleadings to assert any further or additional affirmative defenses that discovery in this case discloses.

WHEREFORE, the Defendant respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, that he be awarded his attorney's fees, costs, and expenses of this action, and for such other and further relief as the Court deems just and proper under the circumstances.

Dated this 10th day of March 2010.

Richard Atwood, in his official capacity,
Defendant

By:   /s/Richard Rideout
RICHARD RIDEOUT, ESQ.
Law Offices of Richard Rideout, PC
211 West 19th Street, Suite 100
P.O. Box 389
Cheyenne, Wyoming  82003-0389
307.632.1901
rsrideout@qwestonline.net

ATTORNEY FOR THE DEFENDANT

**CERTIFICATE OF SERVICE**

I, Richard Rideout, do hereby certify that a true and correct copy of the foregoing **DEFENDANT RICHARD ATWOOD'S, IN HIS OFFICIAL CAPCITY, ANSWER AND ASSERTION OF AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was served on this 10th day of March 2010, and that copies were served as follows:

Jeramie John E. Large, Inmate          [U.S. Mail]
Park County Detention Center
1402 River View Drive
Cody, Wyoming  82414

Lena K. Moeller                        [Electronic Filing]
White and Steel, P.C.
Dominion Towers, North Tower
600 17th Street, Suite 600N
Denver, Colorado 80202-5406
303.296.2828
303.296.3131 fax
lmoeller@wsteele.com

Bruce A. Salzburg
Attorney General

John W. Renneisen                      [Electronic Filing]
Deputy Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, Wyoming  82002
307.777.5996
307.777.8920
jrenne@state.wy.us

                              /s/ Richard Rideout
                              Richard Rideout