Bruce A. Salzburg
Attorney General

John W. Renneisen (Wyo. Bar No. 5-1861)
Deputy Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, Wyoming 82002
(307) 777-5996
(307) 777-8920 Facsimile

Attorneys for Richard Atwood in his Individual Capacity

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| JERAMIE JOHN E. LARGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  09-CV-291-D |
| | ) | |
| RICHARD ATWOOD, PARK COUNTY | ) | |
| DETENTION CENTER LIEUTENANT | ) | |
| ADMINISTRATOR, et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT RICHARD ATWOOD'S INDIVIDUAL CAPACITY
## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

**COMES NOW** Richard Atwood, in his individual capacity, by and through his

attorney, John W. Renneisen, Deputy Attorney General, and submits the following

memorandum in support of his motion for summary judgment pursuant to FED. R. CIV. P. 56,

which motion is filed herewith.

## I.      SUMMARY OF GROUNDS FOR JUDGMENT

A.      Richard Atwood in his individual capacity is entitled to summary judgment:

      1.      Plaintiff suffered no actual injury to his right of access to courts;

      2.      Atwood was not deliberately indifferent to Plaintiff's medical needs.

      3.      Plaintiff failed to exhaust administrative remedies.

## II.     BACKGROUND

Large filed his Prisoner Civil Rights Complaint in this Court on December 24, 2009. He asserts two claims: denial of access to a law library and denial of medical care for his dental problems. Jeramie Large (Large) is a pretrial detainee of the Park County Detention Center, Park County, Wyoming. (Doc. 1, ¶¶ 1, 3). Richard Atwood is the administrator of the Park County Detention Center. (Ex. H, Affidavit Atwood ¶ 3).

Large was arrested on June 29, 2009, and incarcerated on misdemeanor charges of driving while under the influence, and unauthorized use of a motor vehicle. (Ex. A, Circuit Court of Park County, CT-2009-0804 & 805; Bates Nos. 00195-219 (*see* Ex. A, Bates No. 00203, 00204-205). Large waived his right to an attorney, pled guilty to both charges and was sentenced to two terms of ninety (90) days in the Park County Detention Center (hereinafter referred to as "the Detention Center"), which terms were to run concurrently. (Ex. A, Bates Nos. 00207-208). Large was discharged from this incarceration on September 25, 2009. (Ex. A, Bates No. 00219). During this first incarceration in the Detention Center, Large filed a *pro se* motion to have his sentence modified. (Ex. A, Bates No. 00211). The

circuit court set the motion for hearing (Ex. A, Bates No. 00212) and on July 17, 2009 denied the motion.  (Ex. A, Bates No. 00213).

Large was released from the Park County Detention Center on September 25, 2009. He was rearrested on September 29, 2009, on a charge of interference with a peace officer. (Ex. B, District Court of Park County, CR-2009-0060; Bates No. 00220-278 (*specifically* see Bates Nos. 00234-239; Affidavit of Probable Cause).  An additional warrant was sought and Large was charged with several felonies, including two counts of burglary, one count of larceny, and two charges connected to destruction of property. (Ex. B, Bates Nos. 00229-0231; Felony Information).  An arrest warrant was issued.  (Ex. B, Bates Nos. 00240-242; Warrant).

Large executed an Affidavit for a Court Appointed Attorney.  (Ex. B, Bates No. 00245).  On October 2, 2009, the circuit court issued an Order Appointing Public Defense Attorney.  (Ex. B, Bates No. 00247).  Large waived his preliminary hearing and was bound over to state district court.  (Ex. B, Bates No. 00250).  On October 12, 2009, the Assistant Public Defender filed a Motion to Vacate the Appointment of Public Defenders Office. (Ex. B, Bates No. 00253).  The matter was set for hearing.  (Ex. B, Bates No. 00257).  During this time Large filed several pleadings on his own with the state district court.  (Ex. B, Bates Nos. 00258-260).  On October 27, 2009, a second public defense attorney entered his appearance on behalf of Mr. Large.  (Ex. B, Bates No. 00264).  This attorney filed a second motion to vacate the appointment of the public defender, citing as one ground that Large continues to

"make filings on his own behalf even though he has court-appointed counsel." (Ex. B, Bates No. 00265-266). This second motion to withdraw was set for hearing on January 6, 2010. (Ex. B, Bates No. 00267). Large continued to file pleadings on his own directly with the state court. On November 11, 2009, Large filed a motion requesting to represent himself and for access to a law library, and for an individual from the public defenders' office to assist him with an investigation. (Ex. B, Bates No. 00269). On April 15, 2010, Large's second court appointed attorney was allowed to withdraw, but the state public defender was required to appoint a substitute. (Ex. C, Bates No. 00281). On April 28 a substitute was appointed. (Ex. D, Bates No. 00282). The felony criminal charges have now been set for jury trial on September 27, 2010. (Ex. E, Bates No. 00283).

Large has been continuously represented by court appointed counsel on the pending felony criminal charges. The trial court has not acted on Large's request to represent himself. A mental health evaluation was ordered. (Ex. B, Bates No. 00276-277). That evaluation was complete on or about March 17, 2010. (Ex. B, Bates No. 00278).

### III.    SUMMARY JUDGMENT STANDARD OF REVIEW

Defendant Atwood's Motion for Summary Judgment requires the Court to determine whether a genuine issue of material fact is present based on the pleadings, any discovery on file, and affidavits provided. *Id.* If no genuine issue of material fact exists, Defendant Atwood is entitled to judgment. For a fact to be material, it must be one that would allow a jury to find for the Plaintiff. *Id.*

On summary judgment review the Court accepts the factual allegations in the Complaint as true, construes them in a light most favorable to the Plaintiff, and resolves all reasonable inferences in Plaintiff's favor.  Because Plaintiff is preceding *pro se,* his pleadings are to be liberally construed.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Gillihan v. Shillinger,* 872 F.2d 935 (10th Cir. 1989).

The rule of liberal construction does not, however, relieve the Plaintiff of the burden to allege facts supporting his legal claims.  Although there is no heightened pleading requirement, *Currier v. Doran,* 242, F.3d 905 (10th Cir. 2001), conclusory allegations are not treated as true.  *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989); *Hall v. Belmon,* 935 F.2d 1106, 1110-11 (10th Cir. 1991).  Large's Complaint is not a sworn statement made subject to the penalty for perjury, and is not entitled to the same weight as a sworn affidavit. *Jaxon v. Circle K Corp.,* 773 F.2d 1138, 1139 (10th Cir. 1985).  Affidavits or other evidence submitted in opposition to Defendant's motion for summary judgment must be based on personal knowledge in order to raise a genuine issue of material fact.  *Hall,* 935 F.2d at 1111.

## IV.   ARGUMENT

### A.   ATWOOD IS ENTITLED TO SUMMARY JUDGMENT IN HIS INDIVIDUAL CAPACITY.

#### 1.   PLAINTIFF SUFFERED NO ACTUAL INJURY TO HIS RIGHT OF ACCESS TO COURTS.

Large's complaint alleges a violation of his (and other Park County Detention Center inmates') right to access a law library.  Prisoners or pretrial detainees do not have a free

standing right to have access to a law library.  *Lewis*, 518 U.S. at 354-56.  They do have a

right of access to the courts.  *Bounds v. Smith,* 430 U.S. 817 (1977); *Lewis*, 518 U.S. at 350-

351.

>    To have standing to bring a claim for denial of the right of access to the courts, Large

must show actual injury.

>    Because *Bounds* did not create an abstract, freestanding right to a law library
>    or legal assistance, an inmate cannot establish relevant actual injury simply by
>    establishing that his prison's law library or legal assistance program is subpar
>    in some theoretical sense...and the inmate must go one step further and
>    demonstrate that the alleged shortcomings in the library or legal assistance
>    program hindered his efforts to pursue a legal claim.

*Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Conclusory allegations of injury are not

sufficient to meet Plaintiff's burden.  *Cosco v. Uphoff,* 195 F.3d 1221, 1224 (10th Cir. 1999).

 Large has not shown actual injury.  He has not shown that any pending case was

prejudiced.  He has not shown how any claim was lost or prejudiced.

>    The Plaintiff has not shown that he was denied access to the courts.  Large makes the

allegation that "ON JUNE 27 WAS CONFINED, NEEDED ACCESS TO LEGAL LITITURE (SIC) FOR

ISSUES CONCERNING MY CASE AND CONCERNS."  (Doc. 1, ¶ 3). He alleges further that "ON

SEPTEMBER … (illegible) … AGAIN DENIED (SIC) MY ACCESS EVEN AFTER JUDGE GRANTED

COURT ORDER 1-2 HOURS A WEEK." [1]  Plaintiff's court appointed counsel conveyed to the

---

[1] This portion of the Complaint is partially illegible as to the date.

district court Large's request to represent himself and to be given 1 to 2 hours of access to a law library per week.  (Ex. B, Bates. No. 00265).   No court order to that effect was ever entered by the district court.

Large's Complaint provides no further detail regarding the nature of the claims he desired to pursue.   The allegations he has made, fail to rise to the level of a constitutional violation.  Further, on summary judgment he must make a showing by competent, admissible evidence of the alleged constitutional violation. *Dunn,* 880 F.2d at 1190; *Hall,* 935 F.2d at 1110-11.

In June 2009, Plaintiff was incarcerated under a sentence of the circuit court. That sentence of incarceration expired on September 25, 2009.  The Plaintiff waived legal counsel in those proceedings, but did manage to file his own motion to modify his sentence which was acted on by the circuit court.  (Ex. A, Bates Nos. 00211-00213).

On August 20, 2009, during his initial incarceration, Plaintiff filed an inmate grievance concerning delayed response to an earlier request for legal research material.  (Ex. F, Bates Nos. 00008 & 00019).  Defendant Atwood responded to the grievance the next day by providing Plaintiff with his requested legal research.  (Ex. G, Bates Nos. 00020-00065). Large never appealed this response to his grievance, nor did he make any further request for additional specific research assistance.  (Ex. H, Affidavit Atwood ¶ 6).

Since September 29, 2009, Plaintiff has been a pretrial detainee of the Detention Center, facing multiple felony charges.  On November 19, 2009, Plaintiff filed an inmate

grievance in which he again asserted a right to access a law library. (Ex. I, Bates No. 00101). The grievance contained no explanation of Plaintiff's claim of a need to access a law library. At the same time he filed his grievance Plaintiff filed a Miscellaneous Inmate Request for access to a law library. This request stated that Plaintiff was represented by court appointed counsel, but wanted his own access to a law library. (Ex. J, Bates No. 00102).

The Complaint contains no allegation explaining the Plaintiff's need for legal literature, or his "issues or concerns." The right to access the courts does not require that "the State must enable the prisoner to discover grievances, and to litigate effectively once in court." *Lewis,* 518 U.S. at 354. The right only confers to inmates the capability of bringing suits challenging conditions of their confinement or their sentence before the courts. *Id.*, at 354 -355. Large has not alleged, and has not shown, how his attempt to modify his misdemeanor sentence of incarceration was adversely affected by a lack of access to legal materials or assistance. Large in fact filed a *pro se* motion to modify his sentence, which was heard and denied by the circuit court. (*See* Ex. A, Bates Nos. 00211-00213).

Large has not shown how any legal claims were impeded by a lack of access to a law library, or how his access to the courts was denied. Large has had the opportunity to present claims to the courts. *Bounds v. Smith,* 430 U.S. 817, 825, 828 (1977).

Large is presently in the Detention Center as a pretrial detainee pending felony prosecution. (Ex. B, Bates Nos. 00229- 00242). He has been represented by a court appointed public defender since October 2, 2009. (Ex. B, Bates No. 00247). So long as

Plaintiff is represented by court appointed counsel for his pending felony prosecution, he is not entitled to claim a right to access a law library on his own for purpose of his criminal defense. *United States v. Lewis*, 738 F.2d 916, 924 (8th Cir. 1984); *Bourdon v. Loughren*, 386 F.3d 88, 94 (2nd Cir. 2004). "[T]he constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided." *Penrod v. Zavaras* 94 F.3d 1399, 1403 (10th Cir.1996) (citations omitted). Where an accused had stand-by counsel when appearing in propria persona, he had no right of access to a law library. *United States v. Chapman*, 954 F.2d 1352 (7th Cir. 1992). An accused represented by counsel has no right to visit a law library for his criminal defense. *Nagy v. State*, 386 N.E.2d 654 (Ind. 1979).

The record before this Court reflects that Large has had an ability to access the state and federal courts. He has made numerous filings directly with the state courts concerning various conditions of his confinement. He also filed this civil rights lawsuit. Large has demonstrated his ability to access the courts. His right of access does not extend beyond an ability to prepare and file initial pleadings in habeas corpus or to challenge conditions of confinement. *Love v. Summit County*, 776 F.2d 908, 914 (10th Cir. 1985).

### 2.   LARGE LACKS STANDING TO MAINTAIN A CLASS ACTION.

The caption to Plaintiff's Complaint indicates that he seeks to bring this suit in his own right, but also on behalf of "all other confined inmates." The Plaintiff lacks standing to

create a class action suit.  The United States Supreme Court has addressed similar attempts as

follows:

> "That a suit may be a class action ⋯ adds nothing to the question of
> standing, for even named plaintiffs who represent a class 'must allege and
> show that they personally have been injured, not that injury has been
> suffered by other, unidentified members of the class to which they belong
> and which they purport to represent.' "

*Lewis,* 518 U.S. at 357, quoting *Simon v. Eastern Ky. Welfare Rights Organization,* 426 U.S.

26, 40, n. 20, quoting *Warth v. Seldin,* 422 U.S. 490, 502 (1975).  None of the unnamed

inmates contemplated by the Complaint are alleged to have suffered actual injury.

Consequently, the Plaintiff and the other unnamed inmates of the Detention Center lack

standing.

## B. ATWOOD DID NOT VIOLATE LARGE'S EIGHTH AMENDMENT RIGHT TO MEDICAL CARE.

### 1. ATWOOD WAS NOT DELIBERATELY INDIFFERENT TO PLAINTIFF'S MEDICAL CONDITION.

Atwood's individual liability under 42 U.S.C. § 1983 must be predicated upon a

showing of his deliberate indifference to Plaintiff's constitutional rights.  *Woodward v. City

of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992).  In the context of a claim under the Eighth

Amendment for a prisoner's medical care, the Tenth Circuit Court of Appeals has said:

> A prison official's deliberate indifference to an inmate's serious medical
> needs violates the Eighth Amendment.  *See Estelle v. Gamble,* 429 U.S. 97,
> 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Deliberate indifference" involves
> both an objective and a subjective component. The objective component is met
> if the deprivation is "sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825,
> 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A medical need is sufficiently

serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir.1999) (quoting *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980) (further quotation omitted)). The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970.

*Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).

Large does not allege, and has not shown, that Atwood subjectively knew of and disregarded a serious risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

The Complaint states: "I HAVE HAD PROBLEMS WITH MY INFECTED TEETH. THE SAME ACCURANCE (sic) OF INFECTION RETURNS EVER (sic) 4-6 WEEK (sic) THEY REFUSE TO TREAT THE PROBLEM FULLY – HAVING THE TOOTH PULLED OR REMOVED BECAUSE I'M INDIGENT AND CLASSED AS A POOR PERSON …" (Doc. 1, p. 5).

During July and August, 2009, Large sent several Park County Detention Center inmate Grievance Forms to the circuit court. (Ex. A, Bates Nos. 00214-217). He also wrote a letter to the circuit court which was filed August 25, 2009, complaining of an incident in the jail. (Ex. A, Bates No. 00218). None of these communications to the circuit court complained of denied medical care or lack of access to a law library. On October 14, 2009, Large sent a letter to the state district court in which he mentioned a need for dental care, and

"administrative assistance reguarding (sic) legal requests and concerns." (Ex. B, Bates No. 00263).

Defendant Atwood is not a medical professional. Large has not alleged nor shown that Atwood, administrator of the Detention Center, prevented him from receiving medical treatment or denied him access to medical personnel capable of evaluating his condition. *Id.,* at 1211. Atwood is only liable if he was deliberately indifferent to Large's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Mere negligence does not give rise to a claim under the Eighth Amendment. *Id.,* at 105.

Disagreement with a diagnosis or a prescribed course of treatment does not state a constitutional violation. *Oxendine v. Kaplan*, 241 F.3d 1272, 1277 n. 7 (10th Cir. 2001); *Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999). Differences of opinion regarding the proper course of medical care do not establish an Eighth Amendment violation. *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). The fact that Large may disagree with a decision whether or not to pull his teeth does not rise to the level of an Eighth Amendment violation. *Id.*

To defeat Defendant Atwoods' motion for summary judgment, Large must come forward with admissible evidence of Atwood's deliberate indifference to a serious medical need. Large may not rely solely on his unsworn Complaint.

> (W)here the non moving party will bear the burden of proof at trial on a dispositive issue that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of

> an element essential to that party's case in order to survive summary judgment. *McKnight v. Kimberly Clark Corp.,* 149 F.3d 1125, 1128 (10th Cir.1998) (quotations and citations omitted).

*Sealock v. Colorado*, 218 F.3d at 1209.

Plaintiff's medical records show that he received treatment for his many health complaints, including his dental problems.  Large entered the Park County Detention Center on June 29, 2009, with a dental condition influenced by previous use of methamphetamine. (Ex. K, Medical Records, Bates No. 00130). [2]  On July 1, 2009, Large first complained of dental problems. (Ex. L, Bates No. 00129).  He was seen on July 2, by Defendant George H. Albrecht, DPN and treated with a prescription for an antibiotic (Clindamycin Hydrochl), medication for pain, and salt water rinses. (*See* Ex. K, Bates No. 00130).  He was frequently non-compliant with prescribed treatments.  (Ex. M, Bates Nos. 00149-150, 00178-180, 00185).  Large was released from his first incarceration in the Detention Center on September 24, 2009.

---

[2] Defendant Atwood obtained a copy of Plaintiff's medical records from the Park County Detention Center pursuant to a Release and Authorization executed by Plaintiff after the initiation of this litigation.  Prior thereto, Atwood had no access to Plaintiff's medical records according to the Health Insurance Portability and Accountability Act of 1996.

Large was arrested and re-incarcerated in the Detention Center on September 29, 2009.  On October 19 he complained of an abscessed tooth.  (Ex. N, Bates No. 00176).  He was seen the next day, October 20, 2009, and once again prescribed antibiotics, pain medication and salt water rinses.  (Ex. O, Bates Nos. 00156-162, 00177; *see also* Ex. M, Bates Nos. 00149-152).  Large continued to be generally non-compliant with prescribed treatments for his dental problems, an on December 17, 2009 Dr. Leonard Moore extracted several of Large's teeth. (Ex. P, Bates No. 00186).

There is no showing that Atwood acted maliciously or sadistically toward any known medical need of the Plaintiff.   There is no showing that Atwood recklessly disregarded a known risk associated with Plaintiff's condition.  There is no showing that Atwood knew of any inadequacy of the treatment Plaintiff was receiving, or that he perceived of any risks to Plaintiff.  There is no allegation or showing that Atwood interfered with the treatment efforts or recommendations of medical professionals.   There is no allegation or showing that Atwood delayed treatment ordered by any trained medical professionals.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006).

## 2.     NO FACTS SUPPORT SUPERVISORY LIABILITY UNDER § 1983.

It is Plaintiff's burden to show the legal culpability of Atwood in his individual capacity.  *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).  A supervisory defendant may not be held liable for the unconstitutional acts, if any, of his subordinates on a theory of *respondeat superior*.  *Ashcroft v. Iqbal*, __U.S.___, 129 S.Ct.

1937, 1948; *Serna v. Colorado Dep't. of Corrections,* 455 F.3d 1146, 1151 (10th Cir. 2006).

Large cannot support claims against Atwood based merely on Atwood's responses to inmate

grievances.  *Larson v. Meeks,* 240 Fed. Appx. 777, 780, No. 04-1169, 2008 WL 1705086, at

3 (10th Cir. June 14, 2007) (unpublished opinion attached as Ex. Q).

 "*Respondeat superior*" cannot form the basis of a § 1983 violation.  *Polk County v.

Dodson*, 454 U.S. 312, 325 (1981).  To establish a claim of supervisory liability, Large must

establish "a deliberate, intentional act by the supervisor to violate constitutional rights."

*Woodward v. City of Worland*, 977 F.2d at 1399.  To allege a claim under § 1983, "a plaintiff

must plead an affirmative link between the constitutional deprivation and either (a) the

defendant's personal participation, (b) his exercise of control or direction, or (c) his failure to

supervise."  *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  "A claim of

inadequate training, supervision, and policies under § 1983 cannot be made out against a

supervisory authority absent a finding of a constitutional violation by the person supervised."

 *Webber v. Mefford*, 43 F.3d 1340, 1344-45 (10th Cir. 1994); *Apodaca v. Rio Arriba County

Sheriff's Dep't,* 905 F.2d 1445, 1447 (10th Cir. 1990).

 A medical indifference claim is not appropriate against a superintendent/supervisor

absent an allegation that he was personally connected to the treatment received or withheld.

*Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).  To hold a supervisor liable for a

constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts

establishing the following elements: (1) the supervisor had actual or constructive knowledge

that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury.  *Meade v. Grubbs*, 841 F.2d 1512, 1527-28 (10th Cir. 1988); *Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir. 2003).  In the context of a medical indifference claim, supervisory liability may only be shown where the official fails:  1) to promptly provide a prisoner with necessary medical care, 2) deliberately interferes with a prison doctor's performance, or 3) is indifferent to a prison physician's constitutional violation.  *Green v. Branson*, 108 F.3d at 1302.  Just being in charge of the jail in not enough to establish supervisor liability under § 1983.  *Jenkins v. Woods*, 81 F.3d 988 (10th Cir. 1996).

### 3.   TO BILL PLAINTIFF FOR HIS MEDICAL CARE IS NOT A CONSTITUTIONAL VIOLATION.

The Complaint appears to protest that Large has been billed by the Detention Center for certain medical care.  (Doc. 1, p. 5).  This does not constitute a constitutional violation actionable under 42 U.S.C. § 1983.

How the expense of providing medical care to inmates is met, is not controlled by the Constitution.  So long as medical care is provided, issues concerning payment of medical costs for care of inmates are a matter of state law.  *City of Revere v. Mass Gen. Hosp.*, 463 U.S. 239 (1983); s*ee also Padilla v. Paradus*, 2008 WL 4368610 (D. Colo. 2008)

(unpublished opinion attached as Ex. R) ("As long as the state meets an inmate's serious medical needs, each state may determine whether a governmental entity or an inmate must pay the cost of medical services provided to the inmate.").

The Wyoming legislature has specifically addressed the issue raised by the Plaintiff. Wyoming statutory law requires that a non-indigent prisoner shall pay the cost of medical treatment for pre-custodial illness. WYO. STAT. ANN. § 18-6-303(d)(iii).  The statute further provides "[t]he sheriff may require a nonindigent prisoner to pay for any medical treatment under subsection (d) of this section, including any voluntary or involuntary mental health evaluation.  Necessary medical treatment shall not be denied based upon a prisoner's inability to pay." WYO. STAT. ANN. § 18-6-303(f).  There is no constitutional claim where, as here, the prisoner received treatment but was billed for the treatment received.

**C.  Plaintiff Failed to Exhaust Available Administrative Remedies.**

The Prison Litigation Relief Act of 1995 (PLRA), directs that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Plaintiff is a "prisoner" of the Park County Detention Center within the meaning of the PLRA.  *See* 18 U.S.C. § 3626(g)(3); 42 U.S.C. § 1997e(h).   Park County Detention Center had an administrative grievance procedure available to Mr. Large.  (Ex. S, Inmate

Handbook, p. 6 Grievance, Bates No. 00003 & Policy 5.02 Grievances, Bates Nos. 00001-002).  To properly exhaust this administrative procedure Plaintiff was required to submit his grievance, in writing, and follow the chain of command.  (*See specifically* Ex. S, Policy 5.02.03f).  Plaintiff did not properly follow the available grievance procedure concerning either his claim of access to courts or denial of medical care.  (Exhibit H, Affidavit of Atwood ¶ 8).

An inmate's failure to exhaust administrative remedies, as required in the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e (a), is an affirmative defense.  *Jones v. Bock*, 549 U.S. 910 (2007).  While Plaintiff submitted a number of Non-Emergency Medical Request forms, he never filed a single inmate Grievance Form concerning his medical care for his dental problems.   (Ex. H, Affidavit of Atwood ¶ 9).  Concerning his desire to use a law library, Plaintiff wrote a Miscellaneous Request on July 14, 2009.  (*See* Ex. F, Bates No. 00008).  On August 8, 2009, he filed a Grievance Form, but addressed it directly to Defendant, Lt. Atwood.  On August 21, 2009, Defendant Atwood provided Mr. Large legal research as he requested.  (Exs. F and G, Bates Nos. 00019-065).  This response to Large's August 8 grievance was never appealed by nor objected to by Plaintiff.  (Ex. H, Affidavit of Atwood ¶ 6).

As a pretrial detainee, on November 11, 2009 Plaintiff submitted an inmate Grievance Form in which he asserted his right to access a law library.  (Ex. I, Bates No. 00101).  The grievance was answered stating that Mr. Large was being represented by a court appointed

attorney and would therefore not be given access to a law library.  This grievance response

was made by a sergeant and was not appealed by Plaintiff up the chain of command to Lt.

Atwood as required by policy.  (Ex. H, Affidavit of Atwood ¶ 7).  Thus, Plaintiff did not

fully exhaust this grievance.  Large frequently filed grievances and rarely complied with the

appropriate process.  (Ex. T, Bates No.  00011).

During his second incarceration, Plaintiff submitted a miscellaneous request for access

to a law library on October 27, 2009.  (Exhibit U: Bates No. 00099).  This grievance was

responded to by providing Plaintiff forty-five pages of legal material responsive to his

request.  Plaintiff did not appeal or further protest this response to his grievance.  (Ex. H,

Affidavit of Atwood ¶¶ 5-6).

Section 42 U.S.C. § 1997e (a) requires a prisoner to *properly* exhaust administrative

remedies before an action may be brought by him with respect to prison conditions.

*Woodford v. Ngo*, 548 U.S. 81 (2006), *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The

exhaustion requirement "applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." *Nussle*, 534 U.S. at 532 (2002).  The goal of the PLRA is met: "in

affording prison officials time and opportunity to address complaints internally before

allowing the initiation of a federal case.  In some instances corrective action taken in

response to an inmate's grievance might improve prison administration and satisfy the

inmate, thereby obviating the need for litigation." *Id*. at 524-525.  "The benefits of

exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Woodford v. Ngo*, 548 U.S. at 95.  Plaintiff's failure to follow the appropriate process now bars his claims.  *Id.* at 93; *Porter v. Nussle*, 534 U.S. at 532; *Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002).

**WHEREFORE**, for the reasons stated above, Richard Atwood in his individual capacity, respectfully requests this Court grant judgment in his favor.

**DATED** this 8th day of June, 2010.

/s/_____
John W. Renneisen
Deputy Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2010, the foregoing instrument was served *via* U.S. Mail, postage prepaid upon the following:

Jeramie John E. Large, Inmate
Park County Detention Center
1402 River View Drive
Cody, WY 82414

/s/_____
MaryBeth Jones
Office of the Wyoming Attorney General

I hereby certify that on the 8th day of April, 2010, the foregoing instrument was served *via* electronically upon the following:

Richard Rideout
Law Offices of Richard Rideout, P.C.
rsrideout@qwestoffice.net

Lena K. Moeller
White and Steel, P.C.
lmoeller@wsteele.com

/s/_____
MaryBeth Jones
Office of the Wyoming Attorney General