FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

**SEP 3 0 2010**

Stephan Harris, Clerk
Casper

# United States District Court
────────────── For The District of Wyoming ──────────────

JERAMIE JOHN E. LARGE,                    )
                                          )
    Plaintiff,                            )
                                          )
vs.                                       )      Case No. 09-CV-291-D
                                          )
RICHARD ATWOOD, Park County               )
Detention Center Lieutenant               )
Administrator; GEORGE H. ALBRECHT,        )
DNP, in both their official and individual )
capacities,                               )
                                          )
    Defendants.                           )

## ORDER GRANTING MOTION TO DISMISS

This matter came before this Court on a Motion to Dismiss (Doc. 10) filed on behalf

of George "Herk" Albrecht, DNP, a contract medical provider with Park County Detention

Center.[1]   The Motion to Dismiss was in response to a prisoner civil rights complaint filed

by Mr. Large (Doc.1), alleging that he was denied medical care for his dental problems.

The Court has reviewed the pleadings, and being fully advised, FINDS that the Motion to

Dismiss filed on behalf on Defendant Albrecht should be GRANTED.

─────────────────────

[1]   Since Mr. Large filed his Complaint on December 24, 2009, the Court has been
notified that Defendant Albrecht is now deceased.

## BACKGROUND

At the time of his Complaint, Mr. Large was an inmate at the Park County Detention Center. Mr. Large was first incarcerated at the Park County Detention Center in June 2009 and was released on September 21, 2009. Mr. Large was arrested again on September 29, 2009, for interference with a peace officer, two felony counts of burglary and felony larceny, along with failure to report an accident to the property owner, and failure to report an accident greater than $1000 to police. (Mem. in Supp. of Mot. to Dismiss at 2.)

On December 24, 2009, Mr. Large filed the instant prisoner civil rights complaint. (Doc. 1.) In his Complaint, he raises two issues: denial of access to a law library and denial of medical care for his dental problems. (Compl. at 4-5.)

## STANDARD OF REVIEW

Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring the litigation of patently frivolous claims brought by prisoners under federal statutes. *Robbins v. Chronister*, 402 F.3d 1047, 1051-52 (10th Cir. 2005). The Prison Litigation Reform Act provides:

(c) Dismissal

(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief from a defendant who is immune from such relief.

-2-

(2) In the event that such a claim is, on its fact, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997(e).

When reviewing a motion to dismiss alleging a failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), this Court must accept as true the allegations in the complaint. Further it must construe all facts in the light most favorable to the plaintiff and resolve all reasonable inferences in the plaintiff's favor. *Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991). A complaint is properly dismissed if, taking all well-pled facts as true and construing them in the light most favorable to the plaintiff, they do not entitle the plaintiff to relief. *Seamons v. Snow*, 84 F.3d 1226, 1232 (10th Cir. 1996). This Court will construe Mr. Large's pleadings liberally because he is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## ANALYSIS OF CLAIMS

As stated, Mr. Large alleges in his Complaint that he was denied access to a law library and denied medical care for his dental problems in violation of his Eighth Amendment rights. (Compl. at 3-4.) Mr. Large indicates that his claims against Defendant Albrecht surround an abscessed tooth; however, he makes no specific allegations in his Complaint which pertain to Defendant Albrecht .

The Eighth Amendment prohibits States from inflicting cruel and unusual

-3-

punishment on those convicted of crimes within their jurisdictions. *Perkins v. Kan. Dep't. Of Corr*, 165 F.3d 803, 809 (10th Cir. 1999). The Eighth Amendment requires that prison officials "provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measure to guarantee the inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To hold prison officials liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component. *Id.* The objective component requires the alleged deprivation to be "sufficiently serious." Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The subjective component requires the jail official to have a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 297.

> In the context of prison-condition claims, the required state of mind is one of "'deliberate indifference' to inmate health and safety." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 302-03). In other words, the jailer is liable only if he or she "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "It is not enough to establish that the official should have known of the risk of harm." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998).

*Craig*, 164 F.3d at 495-96. "Deliberate indifference" in the Eighth Amendment context

-4-

requires that the prison official know of and disregard an excessive risk to inmate health or safety. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

Mr. Albrecht, is a local nurse practitioner that, through a contract with Park County Detention Center, provides medial care and treatment to inmates. (Mem. in Supp. of Mot. to Dismiss at 3.) However, in the case at bar, Mr. Albrecht did not even participate in the direct patient care of Mr. Large's abscessed tooth. Mr. Albrecht examined Mr. Large one time and referred him to a local dentist for treatment. Mr. Albrecht also aided in coordinating the dental care with the dental provider. There are no facts before the Court to show a denial of adequate medical care by Defendant Albrecht, much less an issue relating to a culpable state of mind, i.e., a deliberate indifference to Mr. Large's medical needs. Mr. Large does not allege that Mr. Albrecht knew, or should have known that Mr. Large had a "serious medical need" which Mr. Albrecht ignored. *See Farmer,* 511 U.S. at 847. Mr. Large has not established for the Court that Mr. Albrecht knew of and disregarded an excessive risk to safety by referring him to a dental provider. Furthermore, the pleadings do not establish that Mr. Large ever suffered any injury or damages caused by the actions of Defendant Albrecht. In fact, other than identifying Mr. Albrecht as a healthcare provider, Mr. Large never mentions any wrongdoing or injury caused by Defendant Albrecht. Accordingly, the Court finds that Mr. Large has failed to state a claim

against Defendant Albrecht upon which relief can be granted. Therefore, the Court finds

that dismissal of Mr. Large's claims against Defendant Albrecht is appropriate.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant Albrecht's Motion

to Dismiss (Doc. 10) should be granted.

NOW, THEREFORE, IT IS HEREBY ORDERED, that Defendant's Motion to

Dismiss should be **GRANTED.** It is

FURTHER ORDERED that the outstanding motion filed by Defendant Albrecht

(Doc. 19) is **DENIED** AS MOOT

DATED this ____ day of September, 2010.

Chief United States District Judge

-6-