FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP 3 0 2010

Stephan Harris, Clerk
Casper

## United States District Court
———————————— For The District of Wyoming ————————————

| | |
|---|---|
| JERAMIE JOHN E. LARGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CV-291-D |
| ) | |
| RICHARD ATWOOD, Park County ) | |
| Detention Center Lieutenant ) | |
| Administrator; GEORGE H. ) | |
| ALBRECHT, DNP, in both their official ) | |
| and individual capacities, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR
## SUMMARY JUDGMENT

This matter came before this Court on Motion for Summary Judgment (Doc. 17)

filed, through counsel, by Richard Atwood. Mr. Large brought a prisoner civil rights claim

against Richard Atwood, the Park County Detention Center Lieutenant Administrator, and

George "Herk" Albrecht, alleging that he was denied access to a law library and denied

medical care for his dental problems. However, the Court dismissed the claims against

Defendant Albrecht, leaving Defendant Atwood as the remaining defendant. This Court

has reviewed the entire file, and being fully advised, FINDS that Defendant Atwood's

Motion for Summary Judgment should be GRANTED and the action should be dismissed

without prejudice for failure to exhaust.

## BACKGROUND

At the time of his Complaint, Mr. Large was an inmate at the Park County Detention Center. Mr. Large was first incarcerated at the Park County Detention Center in June 2009, for driving while under the influence and unauthorized use of a motor vehicle. (Def.'s Mot. for Summ. J., Ex. A, Park County Cir. Ct. Rec. at 204-05.) Mr. Large waived his right to an attorney, pled guilty to both charges and was sentenced to two terms of ninety days in the Park County Detention Center, sentences on both charges to run concurrently. *Id.* at 207-08. During this incarceration, Mr. Large filed a *pro se* motion to have his sentence modified. The circuit court set the motion for hearing and, on July 17, 2009, denied the motion. *Id.* at 213. Mr. Large was discharged from this incarceration on September 25, 2009. *Id.* at 196-97, 219.

Mr. Large was arrested again on September 29, 2009, on a charge of interference with a peace officer. (Def.'s Mot. for Summ. J., Ex. B, Dist. Ct. Rec. at 229-31.) An additional warrant was sought and he was charged with several felonies, including two counts of burglary, one count of larceny, and two charges connected to the destruction of property. An arrest warrant was issued. *Id.*

Mr. Large executed an Affidavit for a Court Appointed Attorney. On October 2, 2009, the circuit court issued an Order Appointing Public Defense Attorney. *Id.* at 247. Mr. Large waived his preliminary hearing and was bound over to state district court. *Id.* at 251.

-2-

On October 12, 2009, the Assistant Public Defender filed a Motion to Vacate the Appointment of Public Defenders' Office and the matter was set for hearing. *Id.* at 253. During this time, Mr. Large filed several pleadings on his own with the state district court. *Id.* at 258-63. On October 27, 2009, a second public defense attorney entered his appearance on behalf of Mr. Large. *Id.* at 256. This attorney filed a second motion to vacate the appointment of the public defender, citing that Mr. Large continues to "make filings on his own behalf even though he has court-appointed counsel." *Id.* at 265. The second motion to withdraw was set for hearing on January 6, 2010. Mr. Large continued to file pleadings on his own directly with the state court. On November 11, 2009, Mr. Large filed a motion requesting to represent himself and for access to a law library, and for an individual from the Public Defenders' Office to assist him with an investigation.

On December 24, 2009, Mr. Large filed the instant civil rights complaint. (Doc. 1.) In his Complaint, he raises two issues: denial of access to a law library and denial of medical care for his dental problems. *Id.* at 3-4.

On April 15, 2010, Mr. Large's second court appointed attorney was allowed to withdraw. (Def.'s Mot. for Summ. J., Ex. C, Order at 281.) However the state public defender was required to appoint a substitute. *Id.* A substitute was appointed on April 29, 2010. (Def.'s Mot. for Summ. J., Ex. D, Notice of Substitution of Counsel.) The felony criminal charges have been set for jury trial on September 27, 2010. (Def.'s Mot. for Summ. J., Ex. E.) Mr. Large has been continuously represented by court appointed

counsel on the pending felony criminal charges. The trial court has not acted on his request to represent himself.

## STANDARD OF REVIEW

Summary judgement is appropriate "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Nelson v. Geringer,* 295 F.3d 1082, 1086 (10th Cir. 2002). An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793, 796 (10th Cir. 1995).

In applying these standards, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir. 1996); *Cooperman v. David,* 214 F.3d 1162, 1164 (10th Cir. 2000). The movant bears the initial burden of demonstrating the absence of evidence to support the non-moving party's claims. *Celotex Corp. V. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to demonstrate the existence of an essential element of its case. *Id.* To meet this burden, the non-moving party must go beyond the pleadings and designate specific facts to show there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986); *Ford v. West,* 222 F.3d 767, 774 (10th Cir. 2000). The mere existence of a scintilla of evidence in support of the non-moving party's position

-4-

is insufficient to create a "genuine issue of disputed facts." *Lawmaster v. Ward,* 125 F.3d 1341, 1347 (10th Cir. 1997). In determining whether summary judgment is appropriate, the Court is governed by the Prison Litigation Reform Act, which requires prisoners to exhaust available administrative remedies before bringing an action under 42 U.S.C. § 1983 in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524 (2002).

## ANALYSIS OF CLAIMS

As stated, Mr. Large alleges in his Complaint that he was denied access to a law library and denied medical care for his dental problems, in violation of his Eighth Amendment rights. (Compl. at 3-4.) However, before considering the merits of Mr. Large's claims, the Court finds it necessary to address Mr. Large's failure to exhaust his administrative remedies within the Park County Detention Center.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997(e)(a) requires an inmate to exhaust available administrative remedies before bringing an action under § 1983. *Woodford v. Ngo,* 548 U.S. 81 (2006); *Porter,* 534 U.S. at 532. "The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Nussle,* 534 U.S. at 532. An inmate is not required to plead exhaustion; however, an inmate's failure to exhaust is an affirmative defense and may be subject to dismissal under summary judgment. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

The Park County Detention Center has an administrative grievance procedure

available. (See Def.'s Mot. for Summ. J., Ex. S, Policy and Procedure - 5.02 Grievances.) To properly exhaust, Mr. Large was required to submit his grievance in writing in a timely manner and follow the chain of command. However, after a careful review of the administrative record supplied by the government, the Court finds that Mr. Large has failed to properly follow the available grievance procedure concerning either his allegations of denial of access to the court or denial of adequate medical care. The record indicates that, during Mr. Large's first incarceration, he did file several grievances regarding his need to be placed on a kosher diet. (Def.'s Mot. for Summ. J., Ex. A,. at 213-14, 217.) However, he never appealed the decisions regarding his dietary needs. Mr. Large also filed a grievance concerning a lethal weapon he found in his laundry, but again, never appealed the decision he received. Id. at 215.

Mr. Large also filed several Non-Emergency Medical Request forms regarding his dental issues during his first and second incarceration. (Def.'s Mot. for Summ. J., Ex.s L and N.) However, he never filed a single Inmate Grievance Form concerning the medical care for his dental problems. Concerning his allegations of denial of access to a law library, Mr. Large filled out a Miscellaneous Request Form on July 14, 2009, requesting the use of a legal library for certain specified information. (Def.'s Mot. for Summ. J., Ex. F.) This request was forwarded to the Park County Attorney's Office. Id. On August 20, 2009, Mr. Large filed a Grievance Form, asserting denial of the law library, but failed to follow the proper chain of command. On August 21, 2009, Defendant Atwood provided Mr.

-6-

Large with forty-seven pages of legal materials that he requested. (Def.'s Mot. for Summ. J., Ex. G.)  Furthermore, the response to Mr. Large's grievance was never appealed or objected to by Mr. Large.

During his second incarceration, the record indicates that Mr. Large submitted a Miscellaneous Request for access to a law library on November 19, 2009, as well as a Miscellaneous Grievance.  Both the request and the grievance were responded to but Mr. Large did not appeal or object to either. (Def.'s Mot. for Summ. J., Ex.s I and J.)

The goal of the PLRA is to afford prison officials an opportunity to address complaints internally before allowing the initiation of a federal case.  "In some instances corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation."  *Nussle,* 534 U.S. at 524-25.  "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."  *Woodford,* 548 U.S. at 95.  Furthermore, an inmate who begins the grievance process but does not complete it is barred from pursuing a federal claim under the PLRA for failure to exhaust his administrative remedies.  42 U.S.C. § 1997e(a).  As the record clearly indicates, Mr. Large did not follow the proper procedures.  He never submitted a single grievance concerning his dental issues and none of his grievances regarding denial of the law library were ever appealed.  This Court finds that Mr. Large has failed to exhaust his administrative remedies, and therefore,  his claims are procedurally barred and this Court

-7-

is without jurisdiction to hear them.

## CONCLUSION

For the reasons stated above, the Court finds that summary judgment should be granted in favor of Defendant Atwood and the action should be dismissed due to Mr. Large's failure to exhaust.

NOW, THEREFORE, IT IS HEREBY ORDERED, that Defendant's Motion for Summary Judgment (Doc. 17) is **GRANTED**. It is

FURTHER ORDERED that Mr. Large's claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

DATED this ____36th____ day of September,

Chief United States District Judge